[Crim. No. 1470. First Appellate District, Division Two.—April 25, 1928.]

In the Matter of the Application of VIVIAN WALKER for a Writ of Habeas Corpus.

James P. Montgomery and Edward J. Kelly for Petitioner.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—This is an application for a writ of *habeas corpus.* From the petition it appears that the petitioner was found guilty of obtaining money under false pretenses. The information in the ordinary form pleaded that offense and in the ordinary form pleaded a prior conviction. The latter fact was not put in issue but was admitted by the petitioner and she went to trial on the offense charged in the information. The jury returned a verdict of guilty as charged. Thereafter she was sentenced to imprisonment in the state prison. She was received at the prison on January 21, 1926. On the twenty-first day of January, 1927, the board of prison directors proceeded to determine the length of time the petitioner should be confined in the prison. In doing so it made an order as alleged in the petition that the petitioner be confined " . . . two (2) years on the first count of said information and five (5) years on the second count of said information running consecutively." The petitioner asserts that the meaning of the order is that she be confined two years from January 21, 1926, on the charge of obtaining money under false pretenses and that she be confined five years from January 21, 1928, as and for the prior conviction. Thereupon she argues that

she served her time as and for the prior conviction and that the order as made by the board of prison directors is in effect putting her twice in jeopardy for that offense. The petitioner further argues that she has served two years as and for the term of imprisonment for obtaining money under false pretenses and that she is therefore entitled to be discharged.

■ We think the foregoing arguments are based on a misconception of the law. One must read together the provisions of sections 484, 487, 489, 552, and 667 of the Penal Code to ascertain what under the facts was the term prescribed by law. Doing so, it appears at once that the only possible term was a maximum term of ten years and that the statute does not prescribe any minimum term. That being the provision of the statute, the petitioner's case does not come within the provisions of the indeterminate sentence statute (Pen. Code, sec. 1168) and therefore no power existed which authorized the board of prison directors to make any order under the last-mentioned statute on January 21, 1927. It follows that the purported order made by the board on that date was nugatory as to any rights of the petitioner.

■ When the petitioner was sentenced by the trial court the legal effect of that sentence was to impose the maximum term prescribed by law—ten years from the date she was received at the prison. (*In re Lee,* 177 Cal. 690 [171 Pac. 958].) That term has not expired. She is not entitled at this time to be discharged.

The prisoner is remanded and the writ is discharged.

Koford, P. J., and Nourse, J., concurred.